### KLAUDER–WELDON DYEING MACH. CO. v. GILES et al.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

#### No. 135.

PATENTS ⬦328—VALIDITY AND INFRINGEMENT—YARN-DYEING MACHINES.
    The Weldon patents, No. 659,906, for a yarn-dyeing machine, claim 1, as limited by its language and the prior art, and No. 645,698 for a mercerizing apparatus claims 1 and 2, also relating to dyeing machines, *held* not infringed on the showing made for preliminary injunction.

Appeal from the District Court of the United States for the North-ern District of New York.

Suit in equity by the Klauder-Weldon Dyeing Machine Company against John H. Giles and another. From an order granting a pre-liminary injunction, defendants appeal. Reversed.

For opinion below, see 224 Fed. 515.

This cause comes here upon appeal granting preliminary injunction in a suit for the alleged infringement of two letters patent. The pat-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ents are No. 645,698 granted March 20, 1900, to Leonard Weldon for an apparatus for mercerizing, etc.; and No. 659,906, granted October 16, 1900, to the same patentee for a yarn-dyeing machine. The opinion of Judge Ray will be found in 224 Fed. 515.

A. D. Salinger, of New York City (C. J. Heffernan, of Amsterdam, N. Y., of counsel), for appellants.

Duell, Warfield & Duell, of New York City (F. P. Warfield and H. S. Duell, both of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This is not a suit for unfair competition and we cannot see that, even if certain charges of unfair conduct which are made against the defendants be sustained by the proofs, there is any sufficient reason shown for holding that a particular device infringes the claims of a patent, when a study of the patent and of the device leads to a different conclusion.

In dyeing yarn, the skeins are immersed in a bath. The violent ebullition of the bath causes the fibers to mat together and greatly decreases the value of the dyed product. Each skein is, therefore, hung over two sticks located a sufficient distance from each other, the skein being stretched between them. Following the sequence of the arguments, the second patent (659,906) will be first considered. It describes two inventions, one of these deals with certain details of the dye tub and steam supply, which are not here involved. The other deals with a method for increasing or diminishing the distance between outer and inner yarn-sticks, whereby the yarn is stretched to a greater or less extent. The prior art effected this (as does the patent and as does the defendant) by fixing the outer sticks between one pair of wheels and the inner sticks between another pair of wheels of smaller diameter and then moving one pair of wheels, or the other pair, or both pairs, till the skein of yarn is sufficiently stretched, and then locking the wheels against further relative movement. The patentee thus describes this part of his invention:

"To provide means for increasing or decreasing the distance between the sticks that carry the skeins to accommodate skeins varying in length or to tighten the skeins after they are placed in position upon the sticks, I place the bearings for the inner circular series of sticks upon rings $E$ $E$ loosely journaled in the arms of the large wheels $C$ $C$ or spiders, or on wheels loosely journaled on the spider-shaft, and provide means to move or rotate these rings or wheels, and thus rotate all the bearings at once on each ring toward or from the outer mates or sticks $D$. Said adjustable rings are held loosely in place by small angular pieces $b$ $b$, etc., secured upon the inner faces of the arms of the large wheels. A lever $H$ is pivoted upon a bar $h$, extending between two spokes on each large wheel, and is provided with a small slot $l$ to receive a pin $L$. Near and upon the outer end of said lever is a spring-bolt $d$, which is adapted to engage a curved rack $e$ on a bar $f$, also secured to and connecting the two spokes together. When it is desired to revolve one of the rings in either direction, it is only necessary to raise the bolt $d$ and turn the lever $H$ on its pivot to one side or the other and release the bolt to engage the rack and to hold the lever and ring in the required position."

228 F.—33

The claim reads:

"In a rotary dyeing machine, the combination with the dye-tub, of a pair of wheels mounted on a shaft to turn in bearings on the dye-tub, an outer and inner circular series of sticks to hold the skeins, the inner series of sticks having bearings for their ends in revoluble adjustable parts, a lever connected with each of the parts to revolve the same, a bolt on the lever, and a rack to engage the bolt secured upon each of the wheels, as set forth."

Means for tightening or loosening the stretch by revolution of the wheels relatively to each other and for holding the wheels against further revolution were old. All that the patentee shows is one method of effecting this relative motion between the two pairs of wheels and their subsequent locking. His method is set forth specifically in detail, and his claim is limited by its language to those details of the structure. There is nothing in the record to indicate that the claim should be construed as being broader than he has made it. Down to and including the words "in revoluble adjustable parts" the device of the claim is old. Weldon's contribution to the art is "a lever connected with each of the parts to revolve the same; a bolt on the lever; and a rack to engage the bolt secured upon each of the wheels, as set forth."

In defendant's device there is a short rack on each inner wheel, each rack meshing with a pinion. The two pinions are mounted on a cross-shaft extending across the machine and having bearings in the spider arms of the outer wheels. The rotation of this shaft (through the pinions and short racks) turns the inner wheels relatively to the outer wheels to tighten or loosen the stretch of the yarn between the sticks. The shaft is rotated by a worm-wheel on the shaft, which meshes with a worm on a rod. The rod is mounted on one of the spiders of one of the outer wheels and extends radially outward beyond said outer wheel. It has a squared end and is turned by a removable wrench. When the rod is not being manually turned by the wrench the worm and worm wheel gear remain in position, thus locking the inner wheels against revolution.

The result accomplished is the same as that obtained by the levers, racks and bolts of the patent, but the means are different and not covered by the text of the claims. We are satisfied that the claim is not infringed unless it be given a very broad range of equivalents, to which, upon this record, it is not entitled.

In the other patent No. 645,698 the patentee states that his invention consists in the combination with the dye-tub, of a reel constituted by a pair of large wheels fixed on a revoluble shaft, revoluble removable sticks between the outer rims of the wheels, a pair of smaller wheels loosely mounted on the said shaft between the large wheels, revoluble removable sticks between the outer rims of the small wheels, means to rotate the said reel, gearing mounted on the large wheels and adapted to rotate the small wheels relatively to the large wheels when the large wheels are rotated, and suitable means to regulate or control said relative movement of the parts. Elsewhere in the description it is stated that when the large wheels are revolved in a certain direction various engagements of specified parts are brought about, as a result of which the smaller wheels revolve

in the opposite direction or relatively to the revolution of the large wheels.

The claims relied on are:

"1. The combination with the dye-tub, of a shaft, a pair of large wheels on the shaft carrying a series of yarn-sticks, a pair of smaller wheels on the shaft between the large wheels carrying the second series of yarn-sticks, and means for revolving the said small wheels simultaneously in one direction and relatively to the revolution of the large wheels, as set forth."

"2. The combination with the dye-tub, of a shaft, a pair of large wheels on the shaft carrying a series of yarn-sticks, a pair of smaller wheels on the shaft between the large wheels carrying the second series of yarn-sticks, means for revolving the said small wheels simultaneously in one direction while the large wheels are rotated in the opposite direction, and means to arrest the relative movement of the wheels during the continued revolution of said wheels, as set forth."

We do not think it necessary to quote further from the specifications or to elaborate the details of the structure. It seems to us very clear that the description and claims call for a device for changing the length of spacing between outer and inner yarn-sticks, when the machine is in operation; the actual revolution of the large wheels in one direction automatically causing a simultaneous revolution of the smaller wheels in the opposite direction. The structure is complicated and apparently lacks usefulness—it is asserted that in the fifteen years which have elapsed since the patent was issued no such machine has ever been made—but that "change of spacing during operation" was an essential element seems entirely clear. Defendant's device has no such feature, its change of spacing is made when the apparatus is at rest. It does not infringe.

Order reversed with costs.